(78 Misc. Rep. 40.)

STELL et al. v. BRITISH UNION & NATIONAL INS. CO., Limited, et al.

(Supreme Court, Appellate Term, First Department. October 23, 1912.)

EXECUTION (§ 388*)—EXAMINATION—SUFFICIENCY OF MOVING PAPERS.

A third party order was procured in supplementary proceedings for the examination of the president of a company who appeared for examination, but a motion was made to vacate the order for insufficiency of moving papers, and in opposition to such motion plaintiff's attorney submitted an additional application to obviate the alleged defects in the moving papers for an examination, and the court denied the motion to vacate, and at the same time gave plaintiff leave to file an additional affidavit, but none was filed. Held, that the denying of the motion to vacate, coupled with the leave to file an additional affidavit, was, in effect, a holding that the original motion papers were insufficient, so that the order for examination must be deemed to have been granted only

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

upon the filing of the additional affidavit, and, none having been filed, plaintiff could not proceed with the examination.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1126, 1127; Dec. Dig. § 388.*]

Appeal from City Court of New York, Special Term.

In the matter of supplementary proceedings of David Stell and another, copartners doing business under the firm name of Philadelphia Dress Company, judgment creditors, against the British Union & National Insurance Company, Limited, judgment debtor, and the C. N. Pinkney Company. From an order adjudging the president of the latter company in contempt for refusing to answer questions, the company appealed. Reversed, and motion denied.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

William A. Walling, of New York City, for appellants.

Wm. Otis Badger, of New York City, for respondents.

GUY, J. Appeal by the C. N. Pinkney Company from an order adjudging. the president of the C. N. Pinkney Company in contempt of court in refusing to answer questions upon an examination under an order in supplementary proceedings. The judgment creditor procured a third party order for the examination of the C. N. Pinkney Company, a corporation of which Charles N. Pinkney is president. The president of the company appeared for examination; but, during the progress of the examination, a motion was made to vacate the order upon the ground of the insufficiency of the moving papers. In opposition to the motion, plaintiff's attorney submitted an additional affidavit for the purpose of overcoming alleged technical defects in the moving papers. The court denied the motion to vacate the order, at the same time giving plaintiff leave to file an additional affidavit. Plaintiff, however, failed to file such affidavit, though he served upon defendant's attorney a copy of the additional affidavit submitted to the court upon the motion and paid the defendant's attorney the $10 costs allowed to the third party on the denial of the motion. Plaintiff then insisted upon proceeding with the examination. The third party, the C. N. Pinkney Company, refused to proceed until the affidavit was filed, and the witness, acting under advice of counsel, refused to answer any further questions. A motion was made to punish the third party, the C. N. Pinkney Company, for contempt. The motion was heard, and an order made punishing C. N. Pinkney individually for contempt, from which order this appeal is taken.

By its decision upon the motion to vacate, coupled with the granting of leave to file an additional affidavit, the court in effect held that the original motion papers were insufficient, and the motion must be deemed to have been granted upon the filing of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

additional affidavit. The affidavit not having been filed, the plaintiff was not entitled to proceed with the examination, and the refusal to submit thereto did not constitute a contempt either on the part of the C. N. Pinkney Company, or individually upon the part of Pinkney, its president.

The order must therefore be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.